883 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bernard PRESSLEY, Petitioner-Appellant,
v.
STATE of Maryland, Respondent-Appellee.
 No. 89-7591.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 26, 1989.
Decided Aug. 7, 1989.
 
 Bernard Pressley, appellant pro se.
 John Joseph Curran, Jr., Attorney General, Mary Ellen Barbera, Office of the Attorney General of Maryland, for appellee.
 Before DONALD RUSSELL, WIDENER, and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bernard Pressley, a Maryland prisoner, appeals the dismissal of his 28 U.S.C. Sec. 2254 petition. In his petition Pressley claimed that (1) he received ineffective assistance of counsel because his trial attorney did not investigate the case and discover that he was in custody on another charge at the time of the crime, and (2) his guilty plea was involuntary because there was no factual basis to support the guilty plea and he was demonstrably innocent. The district court held that Pressley procedurally defaulted his ineffective assistance claim, and the record of the plea colloquy refuted his voluntariness claim. We deny a certificate of probable cause and dismiss the appeal, based on a slight modification of the reasoning of the district court.
 
 
 2
 Pressley has filed three separate motions for postconviction relief (PCR) in state court in the past 11 years. Pertinent here, the only claim he raised in his first PCR motion was that his guilty plea was involuntary solely because his attorney told him he would receive a 15-year, not 30-year, prison sentence. Pressley attempted to raise the issues he raises here in both of his subsequent PCR motions but the motions were denied because of Pressley's failure to raise the claims in his first PCR. See Md.Ann.Code art. 27, Sec. 645A(c). See also Wise v. Warden, 839 F.2d 1030, 1034 (4th Cir.1988).
 
 
 3
 We have reviewed the orders rendered in Pressley's second and third PCR motions and conclude that those orders present a "plain statement" that Pressley was in procedural default under Maryland law. See Harris v. Reed, 57 U.S.L.W. 4224 (U.S. Feb. 22, 1989) (No. 87-5677). Furthermore, Pressley has not established "cause" for his default. See Murray v. Carrier, 477 U.S. 478 (1986); Wainwright v. Sykes, 433 U.S. 72 (1977). Therefore, Pressley's claims are barred in federal court. Id.
 
 
 4
 Accordingly, we deny a certificate of probable cause and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented on this record and oral argument will not aid the decisional process.
 
 
 5
 DISMISSED.